**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**


PATRICE S. KIFER,                          *
                                           *
    Plaintiff,                         *
                                           *
        v.                        *          **Civil Case No. SAG-17-1131**
                                           *
WRIGHT-GARDNER INS., INC., *et al.*        *
                                           *
    Defendants.                        *

 *    *    *    *    *    *    *    *    *    *    *    *    *    *

**MEMORANDUM OPINION**

Plaintiff Patrice S. Kifer ("Plaintiff") initiated this lawsuit against Defendants Wright-Gardner Insurance, Inc. ("Wright-Gardner") and its employees Christian Wright, Blakely Barker, and Vanessa Routzahn (collectively, "Defendants"), alleging claims of employment discrimination and defamation. [ECF No. 1]. Defendants have moved to dismiss the defamation claims in the Complaint (Counts Five through Eight) on the basis of conditional privilege. [ECF No. 11]. Plaintiff's opposition followed, [ECF No. 15], and Defendants did not file a reply. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED**.

## I.    BACKGROUND

As alleged by Plaintiff, the facts of this case, relevant to the instant motion, are as follows. Plaintiff worked as an insurance producer, selling lines of commercial insurance for Wright-Gardner. Complaint ¶ 16. In that capacity, she traveled to the businesses of her commercial clients. *Id.* ¶ 22. In February, 2016, Plaintiff's driver's license was suspended after she received probation before judgment for Driving Under the Influence ("DUI"). *Id.* ¶¶ 26, 29. While she could not lawfully drive, her parents drove her to work appointments, as they had

done previously with Wright-Gardner's approval following Plaintiff's shoulder surgery. *Id.* ¶¶ 48, 57-59. On April 28, 2016, Wright-Gardner and Defendant Wright learned about Plaintiff's DUI and the resulting suspension, and held a meeting with Plaintiff and a representative from Human Resources. *Id.* ¶¶ 44-48. After that meeting, on May 2, 2016, Plaintiff was suspended until her license was reinstated. *Id.* ¶ 53. During the suspension, Wright-Gardner distributed Plaintiff's accounts to her co-workers. *Id.* ¶ 61.

When Plaintiff returned to work on July 26, 2016, Defendant Wright presented her with an "action plan" and a 90 Day "Turnaround Agreement," with an attached statement of job performance ("the attachment"). *Id.* ¶¶ 63, 66. According to Plaintiff, the attachment contained "false statements that Plaintiff was visiting clients while under the influence of alcohol, looked sickly, and had engaged in poor job performance." *Id.* ¶ 66. Plaintiff refused to sign the agreement because it contained false statements. *Id.* ¶ 71. As a result, a Human Resources manager terminated Plaintiff's employment. *Id.*

Specifically, Plaintiff alleges that the attachment asserted that a potential customer, Allen Stone, had stated that Plaintiff had been drinking alcohol before a meeting. *Id.* ¶ 72. Mr. Stone testified at Plaintiff's unemployment hearings that he had not made that accusation. *Id.* ¶¶ 72, 74. Plaintiff believes that her co-worker, Defendant Routzahn, falsely reported to Defendant Wright that Mr. Stone had made that statement in order to obtain Plaintiff's clients and leads. *Id.* ¶ 78. Similarly, Plaintiff alleges that Defendant Barker falsely reported to Defendant Wright that a representative from another client, Oswald Nursery, had stated that Plaintiff was drinking prior to a business meeting. *Id.* ¶¶ 87-88. Plaintiff alleges that Defendant Barker also made that false statement in order to steal her clients. *Id.* ¶ 174. Finally, Plaintiff alleges that Defendant Wright not only republished the false statements described above, but also stated in the Turnaround

Agreement that another client, Susie Fisher, had stated that Plaintiff "looked 'very bad'" during a meeting. *Id.* ¶ 97. Ms. Fisher testified that she made no such statement. *Id.* ¶ 99. Plaintiff alleges that Defendant Wright made up the false statement "because he did not want her back at work due to her depression and alcoholism," *id.* ¶ 62, and "to take away business from Plaintiff because of her alleged poor health and to give it to another agent." *Id.* ¶ 98.

Wright-Gardner republished the defamatory statements listed above to the State of Maryland during Plaintiff's unemployment process, and Defendants Wright, Barker, and Routzahn testified as to the defamatory statements at Plaintiff's unemployment hearings. *Id.* ¶¶ 89, 96, 145.

## II. STANDARD OF REVIEW

Defendants contend that Counts Five through Eight of Plaintiff's Complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion "test[s] the sufficiency of a complaint" and does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks omitted). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

To survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is not sufficient that the facts suggest "the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that the court

could "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citations and internal quotation marks omitted). A complaint need not provide "detailed factual allegations," but it must "provide the grounds of [the plaintiff's] entitlement to relief" with "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations and internal quotation marks omitted).

## III.    ANALYSIS

The statements underlying Plaintiff's defamation claims essentially fall into two categories: (1) statements made by Defendants Wright, Routzahn, and Barker to their employer about Plaintiff's conduct, and (2) testimony by Defendants Routzahn, Wright, and Barker at Plaintiff's unemployment hearings. Both categories are addressed below.

### A.    Wright, Routzahn, and Barker's statements to their employer

Defendants contend that the statements allegedly made by Plaintiff's co-workers are not actionable because they are subject to a conditional privilege. Communications in the context of an employer-employee relationship are protected by the common interest privilege, shielding a speaker from liability for defamation in order to "promote free exchange of relevant information among those engaged in a common enterprise or activity and to permit them to make appropriate internal communications and share consultations without fear of suit." *Gohari v. Darvish,* 363 Md. 42, 58 (2001) (quoting Dan B. Dobbs, The Law of Torts, § 414, at 1160-61 (2000)). Where that privilege applies, a plaintiff bears the burden to prove that the privilege was abused, by demonstrating "that 'the publication is made for a purpose other than to further the social interest entitled to protection . . . or [by proving] malice on the part of the publisher.'" *Id.* at 64 (quoting *McDermott v. Hughley,* 317 Md. 12, 29 (1989). In this case, accepting the well-pled allegations of the Complaint as true, Plaintiff pled that her co-workers knowingly made the false statements

to orchestrate her termination, to steal her clients and leads, and to prevent her from obtaining unemployment, which does not "further the social interest entitled to protection" in an employer/employee context. Complaint ¶¶ 153, 155, 164, 174. In addition, to show "malice" in the defamation context, a plaintiff must prove "a person's actual knowledge that his statement is false, coupled with his intent to deceive another by means of that statement." *Ellerin v. Fairfax Sav. F.S.B.,* 337 Md. 216, 240 (1995); *see also Shirley v. Heckman,* 214 Md. App. 34, 45-46 (Md. Ct. Spec. App. 2013) (determining that the *Ellerin* standard applies in determining whether a speaker has abused a conditional privilege to defamation). Again, accepting the allegations in the Complaint as true, Plaintiff in this case has pled facts sufficient to establish malice. Complaint ¶¶ 153, 155, 164, 174. Thus, Defendants' motion to dismiss the defamation allegations resulting from Defendants Wright, Routzahn, and Barker's statements to their employer must be denied.

**B. Testimony Before The Maryland Division of Unemployment Insurance**

Plaintiff alleges that Defendants Barker, Routzahn, and Wright further defamed her by knowingly presenting false testimony to the Maryland Division of Unemployment Insurance. Complaint ¶ 145. Defendants argue that the testimony is subject to the conditional privilege enunciated in Maryland Code, Labor & Employment, § 8-105. That section states, in relevant part:

> Unless a report or other written or oral communication that is made or delivered in connection with this title is false and malicious, a person may not bring an action for abusive or wrongful discharge, libel, or slander based on the report or communication from . . . an employee or an employer to the Secretary or Board of Appeals or any agent, employee, or representative of the Secretary or Board of Appeals.

Md. Code, Labor & Employment, § 8-105. Defendants cite *Gay v. William Hill Manor, Inc.,* 74 Md. App. 51 (1988)*, Bagwell v. Peninsula Regional Medical Center,* 106 Md. App. 470 (1995),

and *Happy 40, Inc. v. Miller,* 63 Md. App. 24, 35 (1985), to support their contention that statements made in unemployment proceedings are subject to the statutory privilege. While Defendants are correct that the statutory privilege applies in the context of unemployment hearings, Plaintiff here alleges that Defendants' conduct fell squarely within the "false and malicious" exception contained in the statute. The *Gay, Bagwell,* and *Happy 40* cases, in contrast, involved no evidence of known falsity or malice. Accordingly, accepting the well-pled allegations of Plaintiff's Complaint as true, Defendants' motion to dismiss on the grounds of privilege must be denied.

Because Plaintiff's defamation claim in Count Five against Wright-Gardner is premised upon the statements made by Defendants Wright, Barker, and Routzahn acting within the scope of their employment, dismissal of that Count is also unwarranted for the reasons set forth above.

**CONCLUSION**

Defendants' Motion to Dismiss Counts Five through Eight of Plaintiff's Complaint [ECF No. 11] is DENIED. A separate Order follows.

Dated: August 2, 2017

_____/s/_____
Stephanie A. Gallagher
United States Magistrate Judge